UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Case No. 11-cv-02124-MSK-CBS

**MICHAEL SCANLAN, individually and on behalf of all others similarly situated,**

**Plaintiff,**

**v.**

**FIRST STATE BANK OF COLORADO**

**Defendant.**

## ANSWER OF DEFENDANT FIRST STATE BANK OF COLORADO

COMES NOW the Defendant, FIRST STATE BANK OF COLORADO ("First State"), by and through its attorneys, BROWN, BERARDINI & DUNNING, P.C., and for its Answer to the Complaint and Jury Demand ("Complaint") of the Plaintiff, states as follows:

1. First State denies the allegations contained in Paragraph 1 of the Complaint.

2. Paragraph 2 of the Complaint asserts a legal conclusion to which First State makes no response.

3. Paragraph 3 of the Complaint asserts a legal conclusion to which First State makes no response.

4. Paragraph 4 of the Complaint asserts a legal conclusion to which First State makes no response.

5. Paragraph 5 of the Complaint asserts a legal conclusion to which First State makes no response.

6. Paragraph 6 of the Complaint asserts a legal conclusion to which First State makes no response.

7. Paragraph 7 of the Complaint asserts a legal conclusion to which First State makes no response.

8. Paragraph 8 of the Complaint asserts a legal conclusion to which First State makes no response.

9. First State admits the allegations contained in Paragraph 9 of the Complaint.

10. First State admits that it operates ATMs in this judicial district, as alleged in Paragraph 10 of the Complaint, but denies the remaining allegations contained in Paragraph 10 of the Complaint.

11. First State admits that venue is proper as alleged in Paragraph 11 of the Complaint, but denies the remaining allegations contained in paragraph 11 of the Complaint.

12. First State is without sufficient information to admit or deny the allegations contained in Paragraph 12 of the Complaint, and therefore denies same.

13. First State admits the allegations contained in Paragraph 13 of the Complaint.

14. First State admits that it is an automated teller machine operator, as alleged in Paragraph 14 of the Complaint, but denies the remaining allegations contained in paragraph 14 of the Complaint.

15. First State is without sufficient information to admit or deny the allegations contained in Paragraph 15 of the Complaint, and therefore denies same.

16. First State is currently without sufficient information to admit or deny the allegations contained in Paragraph 16 of the Complaint, and therefore denies same.

17. First State is without sufficient information to admit or deny the allegations contained in Paragraph 17 of the Complaint, and therefore denies same.

18. First State is without sufficient information to admit or deny the allegations contained in Paragraph 18 of the Complaint, and therefore denies same.

19. First State denies the allegations contained in Paragraph 19 of the Complaint.

20. First State denies the allegations contained in Paragraph 20 of the Complaint.

21. First State denies the allegations contained in Paragraph 21 of the Complaint.

22. First State denies the allegations contained in Paragraph 22 of the Complaint.

23. First State is without sufficient information to admit or deny the allegations contained in Paragraph 23 of the Complaint, and therefore denies the same.

24. First State denies the allegations contained in Paragraph 24 of the Complaint.

25. First State denies the allegations contained in Paragraph 25 of the Complaint.

26. First State denies the allegations contained in Paragraph 26 of the Complaint.

27. First State denies the allegations contained in Paragraph 27 of the Complaint.

28. First State denies the allegations contained in Paragraph 28 of the Complaint.

29. First State denies the allegations contained in Paragraph 29 of the Complaint.

30. First State denies the allegations contained in Paragraph 30 of the Complaint.

31. Paragraph 31 of the Complaint asserts a legal conclusion to which First State makes no response.

32. Paragraph 32 of the Complaint asserts a legal conclusion to which First State makes no response.

33. Paragraph 33 of the Complaint asserts a legal conclusion to which First State makes no response.

34. Paragraph 34 of the Complaint asserts a legal conclusion to which First State makes no response.

35. First State denies the allegations contained in Paragraph 35 of the Complaint.

36. First State denies the allegations contained in Paragraph 36 of the Complaint.

37. Paragraph 37 asserts legal conclusions, to which First State makes no response.

38. First State denies the allegations contained in Paragraph 38 of the Complaint.

**AFFIRMATIVE DEFENSES**

1. Plaintiff's claims under the EFTA are barred in whole or in part for failure to state a claim upon which relief may be granted.

2. Plaintiff's claims under the EFTA are barred in whole or in part because if any violations of the EFTA occurred, they were unintentional or bona fide errors and constitute defenses to the claims pursuant to 15 U.S.C. § 1693m(c).

2. Plaintiff's claims under the EFTA are barred in whole or in part because of the Defendant's good faith compliance with a rule, regulation, or interpretation or approval of duly authorized officials or employees of the Federal Reserve System, which constitutes a defense to the claims pursuant to 15 U.S.C. § 1693(m)(d).

4. This action cannot be brought or maintained as a class action, because the Plaintiff's claims are not representative of a class of similarly situated persons.

5. This action cannot be brought or maintained as a class action because the allegations, facts, and defenses relating to Plaintiff will not support a collective or class action.

6. This action cannot be brought or maintained as a class action because the Plaintiff is not similarly situated to others and there is no commonality between Plaintiff's circumstances, individually and collectively, and those of any others.

7. This action cannot be brought or maintained as a class action because Plaintiff is not an adequate representative for the proposed class action.

8. Plaintiff's claims under the EFTA are barred in whole or in part because Plaintiff has not suffered or plead any actual damages.

9. Plaintiff's claims under the EFTA are barred in whole or in part because Plaintiff has not pled and cannot prove any detrimental reliance.

10. Plaintiff's claims under the EFTA are barred in whole or in part based on consent.

11. Plaintiff's claims under the EFTA are barred in whole or in part based on the doctrines of waiver and estoppels.

12. Plaintiff's claims under the EFTA are barred because the Plaintiff is not a party of the class of persons intended to be protected under the EFTA.

WHEREFORE First State Bank of Colorado pray this Honorable Court for judgment in its favor on all claims, and against the Plaintiff, that Plaintiff take nothing thereby, for costs, attorney's fees and for such other and further relief as this Court deems just and proper in the premises.

DATED this 22nd day of September, 2011.

Respectfully submitted,

BROWN, BERARDINI & DUNNING, P.C.

s/Brian J. Berardini
Brian J. Berardini, Reg. No. 10406
David C. Walker, Reg. No. 36551
Attorneys for First State Bank of Colorado
2000 S. Colorado Blvd.
Tower 2, Suite 700
Denver, CO 80222
(303) 329-3363
bberardini@bbdfirm.com
dwalker@bbdfirm.com

## CERTIFICATE OF MAILING

I hereby certify that on the 22nd day of September, 2011, I served a true and accurate copy of the foregoing **ANSWER OF DEFENDANT FIRST STATE BANK OF COLORADO**, via U.S. First Class Mail, postage prepaid, to the following person at the following address:

L. Daniel Recor, Esq.
217 E. Fillmore St.
Colorado Springs, CO 80907

Michael T. Harrison, Esq.
Harrison & Associates
25876 The Old Road, #304
Stevenson Ranch, CA 91381


s/ Jennifer L. Mellott